# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LLC WHOLESALE SUPPLY, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | 2:11-CV-1474 JCM (RJJ) |

## ORDER

Plaintiff LLC Wholesale Supply, LLC ("Wholesale") filed a motion for return of property on September 13, 2011. (Doc. #1). The clerk's office assigned the motion to Magistrate Judge Robert J. Johnston. The government filed its response on October 14, 2011 (doc. 11), and Wholesale replied on October 24, 2011 (doc. #12). This court assumed jurisdiction over the motion on January 5, 2012.

Wholesale seeks the return of approximately $1,219,627.51 that it contends the government illegally seized pursuant to an allegedly defective search warrant. Wholesale contends that the government seized $391,668.11 from its account ending in #9709 and an additional $827,959.40 from its account ending in #5806.

Pursuant to Fed. R. Crim. P. 41(g) a party contending wrongful seizure of property may institute proceedings seeking return of the property. Ninth Circuit precedent "makes clear that a Rule 41(g) motion is 'treated as [a] civil equitable proceeding.'" *See United States v.*

**James C. Mahan**
**U.S. District Judge**

1  *Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1100 (9th Cir. 2008) (quoting *Ramsden v.*

2  *United States*, 2 F.3d 322, 324 (9th Cir. 1993), *aff'd in part en banc*, 621 F.3d 1162 (2010) (per

3  curiam). However, the court will only exercise its equitable jurisdiction over a Rule 41(g)

4  motion where there is no adequate remedy at law. *See Interstate Cigar Co. v. United States*, 928

5  F.2d 221, 223 (7th Cir. 1991) (equitable relief is unavailable in the face of legal remedy); *see*

6  *also United States v. Bluitt*, 815 F. Supp. 1314, 1316-17 (N. D. Cal. 1992) (41(g) motions may be

7  entertained in civil cases when no other remedy is available).

8        The court concludes that it is inappropriate for it to exercise its equitable jurisdiction over

9  the instant Rule 41(g) motion. A civil forfeiture complaint regarding the funds at issue in this

10  motion is currently pending in the District of Puerto Rico. *See United States v. $17,811,379.02*,

11  Civil Case No. 11-1394(PG), Doc. #2. Wholesale is participating in that litigation and has filed a

12  notice of verified claim and statement of interest as to the disputed funds. *Id.* at Docs. #43 and

13  #44.

14        Wholesale apparently contends that the civil forfeiture action currently pending in Puerto

15  Rico does not concern the full $1,219,627.51, but only $1,095,765.36. As a result, it concedes

16  that "it will litigate in Puerto Rico for the return of the $1,095,765.36" but argues that the

17  remaining $122,932.05 must be adjudicated in this district. However, this court's review of the

18  docket in *United States v. $17,811,379.02* indicates that the litigation in Puerto Rico concerns the

19  $391,668.11 seized from Wholesale's account ending in #9709 and an additional $827,029.30

20  seized from Wholesale's account ending in #5086.[1] Accordingly, this court has not found a

21  $122,932.05 disparity between the instant Rule 41 motion and the property at issue in the Puerto

22  Rico dispute. Rather, those proceedings provide Wholesale with an adequate remedy at law.

---

[1] This court is cognizant of the fact that the amount Wholesale seeks returned to account #5086 is $30.10 more than the docket in the civil forfeiture illustrates was actually seized. Neither party has explained the $30.10 disparity, and this court will not pass judgment as to the cause for the difference. The court hearing the civil forfeiture action is the appropriate venue to resolve such factual disputes.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Therefore,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Wholesale's Fed. R.

3  Crim. P. 41(g)'s action for return of property (doc. #1) be, and the same hereby is, DISMISSED.

4  DATED January 13, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -